Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

JOHN SETERA, Appellant, v. AL ROKZEN, Respondent.— Same decision and like cause of action as in companion case of *Scheri* v. *Rokzen* (14 A D 2d 825).

IRVING W. BORSCHEL, Respondent, v. LEROY V. BRAGG, Appellant.— Memorandum: In our opinion, the verdict was against the weight of evidence and was properly set aside by the Trial Justice for that reason. (Appeal from order of Niagara Trial Term setting aside the verdict of a jury in favor of defendant for no cause of action, and granting a new trial in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

JOSEPHINE TRANELLO, Appellant, v. CITY OF ROCHESTER, Respondent, et al., Defendant.—

Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

JOSEPHINE TRANELLO, Appellant, v. CITY OF ROCHESTER, Defendant, and H. J. BAREHAM & SONS, INC., Respondent.— Same decision and like cause of action as in companion case of *Tranello* v. *City of Rochester* (14 A D 2d 826).

JOSEPHINE SIKES, Respondent, v. HELEN D. MATUSZEWSKI et al., as Administrators of the Estate of WILLIAM F. MATUSZEWSKI, Deceased, Appellants.— Memorandum: The sole cause of action submitted to the jury alleged that pursuant to agreement between plaintiff and defendants' intestate the former delivered to the latter for safe keeping sums aggregating $5,613.90 with the understanding decedent would return the moneys upon demand. The only proof submitted would justify a finding that the parties were friends and over a period of years decedent cashed checks made payable to plaintiff by her employer; that on one occasion decedent told a third party that "he [decedent] was saving all the money he could for [plaintiff] and trying to save all the money he could for himself, so that he could go to a warmer climate" when he retired. In addition there was documentary proof from which it might be inferred that during the period in question decedent deposited more money in his savings account than would seem possible in the light of his income. All of this evidence, however, when considered together was insufficient to prove the cause of action. Moreover, there was no proof to support the jury's verdict fixing the amount of the recovery in the sum of $1,900. (Appeal from judgment of Erie Trial Term for plaintiff on second cause of action, in an action against estate for moneys delivered to deceased.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

ROBERT D. HENRY, Appellant, v. JOHN DEERE COMPANY OF SYRACUSE, INC., Respondent.—

Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

WILLIS L. SEARCY, as Administratrix of the Estate of JAMES E. SEARCY, Deceased, Appellant, v. JAMES H. ROARK, JR., et al., Respondents.—